Argued and submitted October 7, 2015, reversed and remanded April 19, 2017

Christian WOLFF,
*Petitioner,*

*v.*

BOARD OF PSYCHOLOGIST EXAMINERS,
*Respondent.*

Board of Psychologist Examiners
2012073; A156151

395 P3d 44

Bear Wilner-Nugent argued the cause and filed the brief for petitioner.

Keith Kutler, Assistant Attorney General, argued the cause for respondent. On the brief were Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and Carolyn Alexander, Assistant Attorney General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wilson, Senior Judge.

## ORTEGA, P. J.

Petitioner requests judicial review of the Board of Psychologist Examiners' final order that suspended petitioner's license to practice as a psychologist associate and assessed a $10,000 civil penalty. The board notified petitioner that it intended to discipline him for (1) listing the abbreviation "PsyA" after his name on letterhead, business cards, signature blocks, and websites, (2) using the phrase "Master of Arts Clinical Psychology" to describe his degree in at least one of those forums, and (3) indicating that he "has been practicing psychology for 15 years" on at least one website. An administrative law judge (ALJ) issued a proposed order that granted summary determination to the board, concluding that petitioner engaged in "immoral or unprofessional conduct" under ORS 675.070(2)(d)[1] and violated the prohibition in ORS 675.020(1)(b) against representing "oneself to be a psychologist without first being licensed under ORS 675.010 to 675.150."[2]

After rejecting petitioner's exceptions to the ALJ's order, the board issued a final order that adopted the ALJ's proposed order with minor modifications, concluding that petitioner was "engaged in immoral or unprofessional conduct" because he created a "serious risk to public health or safety" by misleading and deceiving the public about his

---

[1] ORS 675.070(2) provides, in part:

"The board may impose a sanction listed in subsection (1) of this section against any psychologist or psychologist associate or applicant, or, if applicable, any unlicensed person found in violation of ORS 675.010 to 675.150, when, in the judgment of the board, the person:

"* * * * *

"(d) Is guilty of immoral or unprofessional conduct or of gross negligence in the practice of psychology, including but not limited to:

"(A) Any conduct or practice contrary to recognized standard of ethics of the psychological profession or any conduct or practice that constitutes a danger to the health or safety of a patient or the public, or any conduct, practice or condition that adversely affects a psychologist or psychologist associate's ability to practice psychology safely and skillfully."

[2] ORS 675.020(2) provides that to "represent oneself to be a psychologist" means "to use any title or description of services incorporating the words 'psychology,' 'psychological,' 'psychotherapy' or 'psychologist,' or to offer or render to individuals or to groups of individuals services included in the practice of psychology."

academic degree and credentials.[3] *See* ORS 675.070(2)(d)(A) (conduct that is a danger to the health or safety of the public is "immoral or unprofessional conduct"). Accordingly, the board suspended petitioner's psychologist associate license for one year[4] and, because it concluded that petitioner's conduct was "deliberate and with knowledge," assessed a $10,000 civil penalty.

On judicial review, petitioner argues that the ALJ committed legal error by concluding that the conduct that he admitted to violated ORS 675.020(1)(b) and ORS 675.070 (2)(d). He argues that his use of "PsyA" was not misleading to the public because he also included phrases such as "psychologist associate," "licensed psychologist associate" or "Portland psychologist associate" immediately following his use of "PsyA." Alternatively, he asserts that, even assuming that his use of "PsyA" was a falsification of his academic degree or professional credentials, the board "failed to adduce substantial evidence to connect such a falsification with any public detriment." Similarly, he asserts that his use of "Master of Arts Clinical Psychology" and "practicing psychology" were not misleading in the context in which he used those words and did not constitute a danger to the health or safety of the public. As for the ALJ's conclusion that he held himself out as a licensed psychologist, he asserts that the ALJ erred because a psychologist associate is authorized by the applicable statutes to "practice psychology"—at least to a limited extent. Finally, petitioner asserts that, even if his conduct merited discipline, the $10,000 penalty should be remanded for reconsideration because whether petitioner engaged in "willful or reckless disregard for the law" was a factual issue that could not be resolved on summary determination.

In response, the board first asserts that petitioner failed to preserve the arguments that he makes on appeal.

---

[3] Although the board's final order is the order that we are charged with reviewing on judicial review, because the orders of the board and the ALJ are substantively the same, for ease of reference, we generally refer to the ALJ's order throughout this opinion.

[4] The board stayed "all but 30 days of the suspension" provided that petitioner "submits a written request to the Board to stay the suspension" and provides "persuasive evidence" that he had removed the words "clinical psychology" or "practicing psychology" and the initials "PsyA" from all materials.

On the merits, the board argues that, based on the totality of petitioner's undisputed conduct and the summary determination record, the ALJ permissibly concluded that petitioner's conduct would mislead the public into thinking that petitioner had a doctoral degree in psychology and was a licensed psychologist, and thus, it represented a risk to the public health and safety. The board also asserts that the relevant statutes unambiguously state that only a "doctoral level psychologist" is licensed to "practice psychology," so petitioner's assertions that he "has been practicing psychology for 15 years" violated ORS 675.020(1)(b).

Ultimately, we conclude that genuine issues of material fact remained that precluded a ruling for the board on summary determination. Thus, the ALJ erred by granting summary determination to the board, and we reverse and remand the board's final order for further proceedings.

We begin with the relevant undisputed background and procedural facts. Petitioner earned a Master of Arts degree in psychology. His transcript indicated that he "majored" in psychology with an "emphasis" in clinical psychology. He is licensed by the board as a psychologist associate under ORS 675.065 and, pursuant to ORS 675.065(3), received approval from the board to "function without immediate supervision." Psychologist associate licenses are issued to applicants who meet certain statutory requirements, possess a "master's degree in psychology" from an approved program, and "are deemed competent to perform certain functions within the practice of psychology under the periodic direct supervision of a psychologist" licensed in Oregon, unless they receive approval to practice without such supervision, as petitioner was. ORS 675.065(1), (3). The "functions within the practice of psychology" that a psychologist associate may perform "may include but are not restricted to administering tests of mental abilities, conducting personality assessments and counseling, including educational and vocational planning." ORS 675.065(1).

In May 2013, the board issued a notice to petitioner that it intended to impose a civil penalty of $5,000 against him for violating ORS 675.070(2)(d), based on allegations that petitioner placed "PsyA" followed by the words

"Licensed Psychologist Associate" behind his name on letterhead, business cards, signature block, and websites available to the public. The board's notice indicated that "PsyA" was not a "recognized abbreviation in the field of psychology, either as an academic degree or professional license designation," and asserted that use of that abbreviation constituted "statements that are false, deceptive or fraudulent regarding [petitioner's] academic degree." Accordingly, the board alleged that petitioner's conduct constituted "immoral or unprofessional conduct" under ORS 675.070(2)(d) and violated an ethical standard adopted by the board that prohibited false or deceptive statements. *See* OAR 858-010-0075(1) (adopting the ethical principles and code of conduct of the American Psychological Association). Subsequently, the board amended its notice to allege that petitioner's use of the phrase "Master of Arts Clinical Psychology" and references to "practicing psychology" on letterhead and websites also violated ORS 675.070(2)(d) because that conduct constituted "false, deceptive or fraudulent statement[s]" regarding petitioner's academic degree and credentials.[5] In addition, the board alleged that petitioner's conduct violated ORS 675.020(1)(b), which prohibits representing oneself as a psychologist without first obtaining a license.

The board's amended notice proposed suspending petitioner's psychologist associate license for one year and imposing a $10,000 civil penalty. Petitioner requested a contested case hearing and the board referred the case to an ALJ with the Office of Administrative Hearings.

---

[5] The board specifically cited to 14 websites that it asserted provided examples of petitioner's conduct. The administrative record does not contain the full text of any of those websites. Instead, the board simply provided the Uniform Resource Locators (URLs) for the websites and quoted text from those websites that the board found objectionable. The following quoted text from the board's notice represents the various ways that petitioner listed his degree, license, and credentials on those websites:

"Christian Wolff, Psy.A, Portland Psychologist Associate Psychotherapist & Counselor"

"Christian Wolff, MS, Psy.A, Licensed Psychologist Associate, Counseling & Psychotherapy in Portland, Oregon"

"Christian Wolff, Psy.A, Psychologist Associate"

"Christian Wolff, MA, Psy.A * * * Master of Arts Clinical Psychology"

"Christian Wolff, Psy.A, Portland Psychologist Associate: Counseling & Psychotherapy in NW Portland."

Petitioner answered the board's notices by admitting that he used the abbreviation "PsyA" to stand for "psychologist associate" in various publicly available forums, but noting that he never did so without also "spelling out some variant of 'psychologist associate.'" He also admitted to using "Master of Arts Clinical Psychology" to describe his degree, but argued that he did so because his master's degree program emphasized clinical psychology. As for his statement that he "has been practicing psychology for 15 years," he asserted that ORS chapter 675 authorizes psychologist associates to perform "certain functions within the practice of psychology," so his use of that phrase was not false, deceptive, or fraudulent. In short, he admitted to most of the conduct alleged by the board, but denied that that conduct constituted "false, deceptive, or fraudulent statements" that would harm the public, or amounted to representing "oneself to be a psychologist" even though he was not a licensed psychologist.

Subsequently, petitioner and the board moved for summary determination under OAR 137-003-0580, which "provides for an administrative 'summary determination' proceeding that is akin to a trial court summary judgment proceeding under ORCP 47." *Lucke v. DPSST*, 247 Or App 630, 633, 270 P3d 251 (2012). In that proceeding, the ALJ is required to view the evidence in the light most favorable to the nonmoving party, OAR 137-003-0580(7), and grant the motion if there is "no genuine issue as to any material fact that is relevant to resolution of the legal issue as to which a decision is sought" and "the party filing the motion is entitled to a favorable ruling as a matter of law." OAR 137-003-0580(6).

In its motion, the board asserted that "there is no genuine issue of fact" and, thus, "no requirement for a fact finding hearing." The board claimed that petitioner's conduct "is established as a matter of law" and "his use of the initials 'PsyA' are not recognized in the profession and, therefore, constitute a false, deceptive or fraudulent statement." In essence, the board asserted that, based on petitioner's admissions to using the unrecognized abbreviation "PsyA" in various communications, the ALJ was left to conclude as

a matter of law that his conduct violated ORS 675.070(2)(d), ORS 675.020(1)(b), or applicable ethical standards.

In support of its motion, the board submitted an affidavit of the executive director of the Oregon Higher Education Coordinating Commission (OHECC). The executive director averred that the OHECC oversees the Office of Degree Authorization (ODA), which, in turn, "administers laws, standards, and services that protect students, holders of legitimately earned degrees, institutions, *** and licensing boards." The executive director noted that he had "not come across the degree designation *** 'PsyA' for a Psychologist Associate," there "is no credible reference to such a degree as a recognized abbreviation in the field of Psychology," and, although it "would be appropriate" for a licensed psychologist associate to list the initials "M.A." or "M.S." and the words "Licensed Psychologist Associate" behind their name, "[i]t is not appropriate, but rather, misleading to the public, to use 'PsyA' in association with a person's name as a credential to signify a degree level."

In his response, petitioner disagreed that his admission to certain conduct extinguished any genuine issues of material fact, noting that the "only behavior" that he admitted to was the use of "PsyA" to "indicate my LICENSE as an independent licensed Psychologist Associate." Therefore, he disputed that using "PsyA"—even assuming that it was not a "recognized" abbreviation—was potentially misleading to the public because, in context, the public would understand that the abbreviation referred to petitioner's license.

The ALJ granted the board's motion, concluding in her proposed order that petitioner's use of "PsyA" signified or advertised a degree or credential "that is false and misleading to the public." Specifically, she noted that "PsyA" is not a recognized abbreviation in the field of psychology, although it is similar to initials used to designate a doctorate in psychology, and that, by using it "in the same location that licensed psychologists place the initials 'Psy.D' and 'Ph.D,'" petitioner signified a degree or credential that was misleading to the public. Accordingly, she concluded that that conduct "has a serious detrimental effect on the health and safety of the public" and constituted "immoral or unprofessional

conduct" under ORS 675.070(2)(d). Similarly, the ALJ concluded that using "practicing psychology" on a website available to the public was a "false, deceptive, or fraudulent statement" because it signified that petitioner had a doctorate in psychology. Finally, the ALJ concluded that petitioner's listing of "Master of Arts Clinical Psychology" in conjunction with the word "degree" was false and misleading to the public because it signified that he had a doctorate in clinical psychology.

The ALJ also concluded that petitioner's use of "PsyA," "Master of Arts Clinical Psychology," and "practicing psychology" violated the prohibition in ORS 675.020(1)(b) against holding oneself out as a psychologist without first obtaining a license. The ALJ proposed suspending petitioner's license for one year and assessing a civil penalty of $10,000.[6]

Petitioner filed exceptions to the proposed order. The board denied the exceptions and issued a final order, which was substantively the same as the ALJ's proposed order. Petitioner sought judicial review of the board's final order.

We review orders that result from the grant of summary determination for legal error. *Hamlin v. PERB*, 273 Or App 796, 798-99, 359 P3d 581 (2015); *see also* ORS 183.482(8)(a). As noted, under OAR 137-003-0580, summary determination is appropriate if, viewing the evidence in the light most favorable to the nonmoving party, there is "no genuine issue as to any material fact that is relevant to resolution of the legal issue as to which a decision is sought" and the party filing the motion, "is entitled to a favorable ruling as a matter of law." Accordingly, our review requires us to determine if there was a genuine issue as to any material fact that is relevant to resolution of the legal issues presented by the motion—here, whether petitioner violated ORS 675.070(2)(d) or ORS 675.020(1)(b)—and if not, whether the board was entitled to a favorable ruling as a matter of law. As is the case with a motion for summary judgment, because the board would bear the burden of proof

---

[6] The ALJ concluded that petitioner did not violate any applicable ethical standards because those standards only applied to licensed psychologists.

on the alleged violations at the contested case hearing, to be entitled to summary determination, the board's evidence must be such that all reasonable factfinders would have to conclude that petitioner commited the violations alleged by the board. ORS 183.450(2) ("The burden of presenting evidence to support a fact or position in a contested case rests on the proponent of the fact or position."); *see Wieck v. Hostetter*, 274 Or App 457, 470, 362 P3d 254 (2015) (explaining that a party that has the burden of proof on an issue at trial has the burden of producing evidence to establish that issue as a matter of law at the summary judgment stage).

On review, we understand petitioner to argue that, viewing the "facts" in the light most favorable to him, the board lacked a "lawful basis" to conclude that he violated ORS 675.020(1)(b) and ORS 675.070(2)(d).[7] As to the allegations that he violated ORS 675.070(2)(d), he claims that the conduct that he admitted to—using the abbreviation "PsyA," referencing a master's degree in clinical psychology, and stating that he "practices" psychology—did not entitle the board to a ruling as a matter of law that he engaged in "immoral or unprofessional conduct."[8] According to petitioner, that is so because, when his use of those descriptors is considered within the context in which he used them, whether that conduct would have misled or deceived the public as to his degree or credentials presented a genuine issue of material fact that was not resolved by the summary determination record. Put another way, he complains that the summary determination record did not establish that his conduct would in fact have misled or deceived the public such as to constitute a danger to the health or safety of the public.

---

[7] Petitioner does not complain that the ALJ's order exceeded the scope of the board's summary determination motion to the extent that the board's motion was based solely on petitioner's use of "PsyA," yet the ALJ's order also relied on the board's allegations as to his use of "clinical psychology" and "practicing psychology" to conclude that petitioner violated the applicable statutes.

[8] At times in petitioner's brief, he frames his arguments in terms of a lack of substantial evidence. Given that we are tasked with reviewing an order entered on summary determination to determine if there remain any genuine issues of material fact, those references to "substantial evidence" appear inapt. Nevertheless, petitioner also correctly frames the issue as whether the board was entitled to judgment as a matter of law given the undisputed facts and viewing the evidence in the record in the light most favorable to him.

Similarly, he asserts that the summary determination record failed to establish as a matter of law that his conduct, including his statement that he had been "practicing psychology for 15 years," was a violation of the prohibition against holding oneself out to be a psychologist without first obtaining a license. *See* ORS 675.020(1)(b). In particular, he asserts that the governing statutes "persuasively establish that psychologist associates do 'practic[e] psychology,' albeit with a more limited scope of practice than psychologists," noting that psychologist associates are authorized under ORS 675.065 to "perform certain functions within the practice of psychology."

The board argues that, because it is undisputed that petitioner (1) used the abbreviation "PsyA" where a "degree designation" should be placed, (2) represented that he had a degree in clinical psychology, and (3) stated that he "has been practicing psychology for 15 years," the board appropriately concluded that petitioner had misled the public into believing that he had a doctorate degree in clinical psychology and was a licensed psychologist. Given those circumstances, the board asserts that it was entitled to a favorable ruling as a matter of law that petitioner engaged in "immoral or unprofessional conduct" and "represented [him]self to be a psychologist."

Before we discuss the merits, we briefly address the board's contention that petitioner did not preserve his assignments of error. *See Thomas Creek Lumber v. Board of Forestry*, 188 Or App 10, 30, 69 P3d 1238 (2003) (noting that the preservation requirements of ORAP 5.45 "apply not only to appeals of trial court judgments but also to petitions for judicial review of agency action"). In short, the board contends that petitioner's arguments on judicial review were not made in his exceptions to the ALJ's proposed order.

As we recently explained, at least where, as here, the applicable statutes and rules do not make the filing of exceptions a mandatory prerequisite to judicial review, "filing exceptions is not necessary to preserve an argument that is already before the board." *Watts v. Board of Nursing*, 282 Or App 705, 709, 386 P3d 34 (2016). Rather, it is sufficient that the petitioner raised the issues before the ALJ. *Id.* In

this instance, the arguments that petitioner makes on judicial review were fairly put before the board in petitioner's response to the board's summary determination motion. In particular, petitioner, although acknowledging that he had used "PsyA" in various forums, argued to the board that the use of that abbreviation was not necessarily "misleading," essentially contending that the record left genuine issues of material fact to be determined. Petitioner also put before the board similar arguments regarding whether his use of "clinical psychology" and "practicing psychology" violated ORS 675.070(2)(d) or ORS 675.020(1)(b). Accordingly, we conclude that petitioner preserved the arguments he makes on judicial review.

As to the merits, we agree with petitioner that summary determination was inappropriate in this instance because, viewing the evidence in the light most favorable to petitioner, there remained genuine issues of material fact as to whether petitioner's use of "PsyA," "Master of Arts Clinical Psychology," and "practicing psychology" was misleading or deceiving to the public. The ALJ's conclusions that petitioner violated ORS 675.070(2)(d) and ORS 675.020(1)(b) required a factual finding that petitioner's conduct would have misled the public into believing that petitioner was a licensed psychologist with a doctorate in psychology. Based on the summary determination record, we conclude that that was a disputed issue of material fact, which was inappropriate to resolve at the summary determination stage of the proceedings.

To review, the summary determination record consisted solely of the conduct that petitioner admitted to and an affidavit from the executive director of OHECC. That evidence established that (1) petitioner was a psychologist associate with a master's degree in psychology with an emphasis in clinical psychology who was authorized to "perform certain functions within the practice of psychology"; and (2) petitioner, in various forms and in combination with various additional descriptors, used an unrecognized abbreviation (PsyA) that is similar to degree designations for licensed psychologists, and he indicated in various public forums that he had a "Master of Arts Clinical Psychology" degree and "has been practicing psychology for 15 years."

Viewing that evidence in the light most favorable to petitioner, a reasonable factfinder, considering the totality of the circumstances, could find that petitioner's use of "PsyA," "Master of Arts Clinical Psychology," and "practicing psychology," would not have misled or deceived the public into believing that petitioner had a doctorate in psychology. For example, petitioner's use of "PsyA" in conjunction with references to his license as a psychologist associate and other surrounding contextual clues does not establish, as a matter of law, that petitioner was using "PsyA" to represent his degree. Nothing in the record establishes that a degree designation (rather than a license designation) always follows a person's name. Further, the record does not establish, as a matter of law, that the public would have understood "PsyA" to represent a doctorate in psychology, particularly given other contextual clues in the surrounding text that petitioner was a licensed psychologist associate.[9]

Similarly, a reasonable factfinder could conclude—on this record—that the public would not be misled into believing that petitioner had a *doctoral* degree in clinical psychology by listing his degree as *"Master of Arts* Clinical Psychology." Again, viewing that description in the light most favorable to petitioner, a reasonable factfinder could find that petitioner's description of his degree would not have misled the public into believing that he had a doctorate in psychology. Similarly, on this record, a reasonable factfinder could find that petitioner's reference to "practicing psychology" was not misleading or deceiving given the surrounding textual clues and the totality of the circumstances.

The ALJ's conclusion that petitioner's conduct also violated ORS 675.020(1)(b) is subject to similar problems. We understand the ALJ to have concluded that, because petitioner made representations that would have misled the public into believing that he held a doctorate in psychology

---

[9] Perhaps if petitioner had used a recognized abbreviation for a licensed psychologist (*i.e.*, Ph.D. or Psy.D), a reasonable factfinder would be compelled to find that such conduct is misleading or deceiving to the public. *Cf. Topaz v. Board of Examiners for Engineering*, 255 Or App 138, 147, 297 P3d 498, *rev den*, 353 Or 714 (2013) (petitioner did not dispute that using the abbreviation for professional engineer (*i.e.*, P.E.) implied that he was a professional engineer and could perform engineering work). But, on the record here, we cannot conclude that the mere use of an unrecognized abbreviation compels such a finding.

and was a licensed psychologist, he violated ORS 675.020 (1)(b)'s prohibition against representing oneself as a psychologist.[10] We have rejected the conclusion that petitioner's representations necessarily would have misled the public as a matter of law; consequently, and for similar reasons, summary determination on the issue of whether petitioner's conduct violated ORS 675.020(1)(b) was also inappropriate.

To be clear, we are simply concluding that the record on summary determination was not sufficient to eliminate any issue of material fact as to whether petitioner's conduct was misleading or deceiving. As we stated in *Watts*, "[i]f there is evidence creating a relevant fact issue, then no matter how 'overwhelming' the moving party's evidence may be, or how implausible the nonmoving party's version of the historical facts, the nonmoving party, upon proper request, is entitled to a hearing." 282 Or App at 714.

Reversed and remanded.

---

[10] We do not understand the board to have concluded that a licensed psychologist associate such as petitioner violates ORS 675.020(1)(b) by representing that the person is qualified to provide particular psychological services that the person is authorized to provide under the person's license. Such a construction of the statute would be problematic, given that licensed psychologist associates can permissibly provide specified services. *See* ORS 675.065.