Argued and submitted February 28; reversed and remanded as to the determination that petitioner violated OAR 334-040-0010(23)(h), civil penalty and costs award vacated and remanded, otherwise affirmed August 9, 2017

James L. NACEY,
*Petitioner,*

*v.*

BOARD OF MASSAGE THERAPISTS,
*Respondent.*

Board of Massage Therapists
1732; A160452

401 P3d 275

Kevin T. Lafky argued the cause for petitioner. With him on the opening brief was Leslie D. Howell. With him on the reply brief were Leslie D. Howell and Lafky & Lafky.

Greg Rios, Assistant Attorney General, argued the cause for respondent. With him on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wollheim, Senior Judge.

**LAGESEN, J.**

Petitioner is a massage therapist licensed by the Oregon Board of Massage Therapists. He seeks judicial review of a final order of the board in which the board determined that petitioner had committed violations of four separate administrative rules governing massage therapists, imposed a civil penalty of $4,000, and ordered him to pay the costs of the administrative proceeding. *See* ORS 687.086; ORS 183.482 (providing for judicial review of board orders in contested cases). Pertinent to the issue that we write to address, the board concluded on summary determination that petitioner violated OAR 334-040-0010(23)(h).[1] That rule bars a massage therapist from "[e]xercising undue influence on a client, including promotion or sale of services, goods, or appliances in such a manner as to exploit the client for the financial gain * * * of the massage therapist." In his first assignment of error, petitioner argues that summary determination of the issue was not appropriate because the record evidenced numerous factual disputes as to whether petitioner exercised undue influence over his client. To the extent that the board concluded that the undisputed facts were sufficient to establish that petitioner violated the undue influence rule, petitioner argues that the board erroneously interpreted the rule. For the reasons that follow, we conclude that the board erred when it granted summary determination against petitioner and, therefore, when it imposed a civil penalty and costs based, in part, on that erroneous grant. We therefore reverse and remand to the board for further proceedings with respect to petitioner's alleged violation of OAR 334-040-0010(23)(h) and vacate and remand the civil penalty and costs award, but we affirm the board's determinations regarding the other three alleged rule violations.[2]

---

[1] At the time of the board's decision, the applicable provision of the rule was numbered OAR 334-040-0010(23)(g). As a result of amendments to the rule, it was renumbered to OAR 334-040-0010(23)(h). For convenience and ease of reading, we cite the applicable rule by its current numbering, OAR 334-040-0010(23)(h).

[2] Petitioner's second through fourth assignments of error challenge the merits of the board's determinations that petitioner violated other rules of the board. We reject those assignments of error without further written discussion. Petitioner's fifth and sixth assignments of error challenge the civil penalty and costs award. Because our disposition of the first assignment of error requires us

We review a grant of summary determination for legal error. *Wolff v. Board of Psychologist Examiners*, 284 Or App 792, 800, 395 P3d 44 (2017). Summary determination is appropriate only if the evidence, when viewed in the light most favorable to the nonmoving party, establishes that "there is 'no genuine issue as to any material fact that is relevant to resolution of the legal issue as to which a decision is sought,' and the party filing the motion[] 'is entitled to a favorable ruling as a matter of law.'" *Id.* (quoting OAR 137-003-0580).

The facts surrounding the transaction that led to the disciplinary action against petitioner are very much in dispute. However, as required by our standard of review, we state those facts in the light most favorable to petitioner. Viewed in that manner, the facts relevant to the issue before us are as follows.

Petitioner is a licensed massage therapist who works out of his home in Ashland. Petitioner was contacted by Kahn, with whom petitioner had no prior relationship, who had recently received a small inheritance, about the possibility of purchasing a package of massages for around $1,000. Kahn told petitioner that he needed to spend the inheritance within a few days so that it would not affect his eligibility for certain governmental benefits. When petitioner asked Kahn whether his proposal was an attempt to defraud the government, Kahn told petitioner that he was permitted to spend the money on healthcare services such as massages and physical therapy. Petitioner agreed to sell Kahn a package of 10 90-minute massages for $1,200 and made an appointment to give Kahn his first massage the next day from 12:00 p.m. to 1:30 p.m. Petitioner's massage packages are nonrefundable and must be used within 12 months of purchase.

At his first appointment, Kahn paid for the package using two money orders. Because Kahn was late, his first massage lasted only 45 minutes. After Kahn left petitioner's home, he became lost and called petitioner for directions to the freeway. That phone conversation took a

---

to set aside the civil penalty and costs award, we do not address those assignments of error further.

negative turn, and Kahn requested that petitioner refund his money. Petitioner refused to refund Kahn's money, partly because he was concerned that Kahn was enlisting him to defraud the government. However, petitioner indicated that he would provide Kahn with the massages for which Kahn had paid.

Kahn then lodged a complaint against petitioner with the board. After investigating the complaint, the board issued a notice proposing to assess a civil penalty against petitioner for four violations of the board's rules, including "One Violation of OAR 334-040-0010(23)[(h)] Exercising undue influence on a client in such a manner as to exploit the client for the financial gain of the Massage Therapist." Petitioner requested a hearing, and the board referred the matter to the Office of Administrative Hearings.

The board moved for summary determination as to all four alleged violations of the board's rules. The administrative law judge (ALJ) concluded that the board was entitled to summary determination as to three of the alleged rule violations, including the alleged violation of the undue-influence rule, but not as to the fourth. Regarding the allegation that petitioner had violated the undue-influence rule, the ALJ acknowledged that many factual disputes surrounded petitioner's transaction with Kahn. The ALJ nonetheless ruled that the board was entitled to summary determination based on the undisputed fact that petitioner did not return Kahn's money to him when Kahn requested a refund:

> "Licensee's decision to keep Kahn's $1200, or at least the portion of it that he was not owed after the partial massage he gave Kahn, constitutes financial gain for Licensee at the expense of his client, Kahn. Licensee's actions violate [OAR 334-040-0010(23)(h)]."

After a hearing on the alleged violation that had not been resolved by summary determination, the ALJ determined that petitioner had committed that violation as well. The ALJ then issued a proposed final order reflecting his determination that petitioner committed violations of the four different administrative rules and ordering that petitioner pay a $4,000 civil penalty and the costs of the

contested case hearing. The board adopted the ALJ's proposed order with minor modifications.

On review, petitioner contends that the board erred in concluding on summary determination that he violated OAR 334-040-0010(23)(h). Petitioner asserts that factual disputes preclude summary determination and require a hearing to resolve, and that the board's conclusion regarding petitioner's alleged violation of OAR 334-040-0010(23)(h) is based on an untenable interpretation of the rule. In response, the board acknowledges that a number of factual disputes exist surrounding the transaction between petitioner and Kahn, but argues that summary determination was appropriate because the board plausibly interpreted OAR 334-040-0010(23)(h) to prohibit petitioner's conduct of denying Kahn's refund request.

We disagree with the board. When the facts are viewed in the light most favorable to petitioner—as we must on review of a grant of summary determination against petitioner—OAR 334-040-0010(23)(h) cannot reasonably be interpreted to encompass petitioner's conduct of not returning Kahn's money. If petitioner's version of the facts is credited, petitioner entered into an arm's-length deal with Kahn—with whom he had no prior relationship to exploit— to sell Kahn a nonrefundable package of massages. Viewed in that light, petitioner's act of keeping Kahn's money was consistent with the arm's-length bargain that he had made with Kahn and did not result from petitioner's exploitation of either a relationship with or particular vulnerabilities of Kahn.

The question is whether OAR 334-040-0010(23)(h) can be read to prohibit a massage therapist from failing to provide a refund under those circumstances. Our objective in interpreting an administrative rule is to ascertain the intent of the promulgating agency. *Marshall's Towing v. Department of State Police*, 339 Or 54, 62, 116 P3d 873 (2005). We do so by examining the rule's text and context. *Id.* If the promulgating agency offers an interpretation of the rule that is plausible, given the rule's text and context and any other applicable sources of law, then we defer to that interpretation. *Don't Waste Oregon v. Energy Facility*

*Siting,* 320 Or 132, 142-43, 881 P2d 119 (1994). However, if "the words of the rule cannot sustain the extensive scope that [the agency] claims for it," we must reject the agency's interpretation. *Marshall's Towing,* 339 Or at 64.

That is the case here. The rule at issue states that a massage therapist may be disciplined or penalized for "[e]xercising undue influence on a client, including promotion or sale of services, goods, or appliances in such a manner as to exploit the client for the financial gain * * * of the massage therapist." OAR 334-040-0010(23)(h). "Undue influence" commonly means

> "such influence over another often presumed from the existence of very close relationships as destroys his free agency in the eye of the law : such influence as prevents a person from exercising his own will and substitutes in its place the will of another."

*Webster's Third New Int'l Dictionary* 2492 (unabridged ed 2002). Similarly, "exploit" in this context commonly means "to make use of meanly or unjustly for one's own advantage or profit : take undue advantage of." *Webster's* at 801. Those terms indicate that the board's intent in promulgating the rule is to prohibit massage therapists from taking unfair advantage of the therapist-client relationship or a client's particular vulnerabilities for the therapist's own personal gain. Nothing in the terms of the rule reasonably can be construed to suggest that, in the absence of any exploitive conduct, a massage therapist must provide a refund to a customer who made an arm's-length bargain for a nonrefundable package of massages. For that reason, we must reject the board's assertion that OAR 334-040-0010(23)(h) can be construed to encompass petitioner's conduct, when that conduct and the surrounding circumstances are viewed in the light most favorable to petitioner. *See Marshall's Towing,* 339 Or at 64 (where agency rules could not be interpreted to encompass conduct for which the petitioner was disciplined, agency erred in concluding that the petitioner's conduct was subject to discipline).

In sum, the record evidences numerous disputes of fact about petitioner's transaction with Kahn, and, when the facts are viewed in the light most favorable to petitioner,

petitioner did not violate OAR 334-040-0010(23)(h). The board therefore erred by ruling against petitioner on summary determination, and a hearing is required to resolve the relevant factual disputes. Although there is evidence that supports the board's position, there also is evidence that supports petitioner's position and, "'[i]f there is evidence creating a relevant fact issue, then no matter how "overwhelming" the moving party's evidence may be, or how implausible the nonmoving party's version of the historical facts, the nonmoving party, upon proper request, is entitled to a hearing.'" *Wolff,* 284 Or App at 805 (quoting *Watts v. Board of Nursing,* 282 Or App 705, 714, 386 P3d 34 (2016)). We therefore reverse and remand the board's order for further proceedings in connection with petitioner's alleged violation of OAR 334-040-0010(23)(h). Because the board predicated the civil penalty and costs award in part on its determination that petitioner violated that rule, we also vacate the civil penalty and the costs award. As noted earlier, we have rejected petitioner's appellate challenges to the other alleged rule violations and therefore affirm the board's order as to those determinations.

Reversed and remanded as to the determination that petitioner violated OAR 334-040-0010(23)(h); civil penalty and costs award vacated and remanded; otherwise affirmed.