AOYAGI, J.
*204 Petitioner seeks review of a final order of the State Mortuary and Cemetery Board revoking his funeral services license and imposing $71,000 in civil penalties. The board concluded that petitioner had violated various statutes and administrative rules applicable to the death care industry. On review, petitioner raises four assignments of error. For the reasons that follow, we affirm.
The board decided this matter on summary determination. The pertinent historical facts are undisputed for purposes of judicial review. Petitioner was the sole shareholder and corporate officer of Eternal Hills Memorial Gardens and Funeral Home (Eternal Hills), which operated a cemetery, funeral home, and crematorium in Klamath Falls from 1986 to 2016. He also was a member of Klamath Tribute Center (KTC) and the manager of a funeral home that KTC operates in Klamath Falls. In November 2014, the board issued a notice of proposed disciplinary action in which it alleged that petitioner had violated various statutes and administrative rules; it proposed to revoke his license and impose civil penalties. The allegations pertained to petitioner's own conduct as well as conduct by Eternal Hills employees and KTC employees. In total, the board alleged dozens of violations involving at least 12 different customers. In its final order, the board concluded that petitioner had committed numerous violations and, as a sanction, revoked petitioner's license and imposed $71,000 in civil penalties.
We review a grant of summary determination for legal error. Nacey v. Board of Massage Therapists , 287 Or. App. 228, 231, 401 P.3d 275 (2017). In his first assignment of error, petitioner contends that the board improperly imposed liability on him based solely on his status as a principal of a business. More specifically, he argues that the board lacked authority to adopt OAR 830-030-0090(2), which provides, "Principals are responsible for the actions of employees related to the operation of a licensed facility." We agree with the board that petitioner did not preserve that claim of error in the agency proceeding and therefore do not address petitioner's first assignment of error. See ORAP 5.45(1) ("No matter claimed as error will be considered on *205 appeal unless the claim of error was preserved in the lower court[.]"); Watts v. Oregon State Board of Nursing , 282 Or. App. 705, 708, 386 P.3d 34 (2016) (same rule applies to judicial review of agency action).
In his second assignment of error, petitioner argues that many of the board's findings are not supported by "substantial evidence." Because this matter was decided on summary determination, we understand petitioner *794 to argue that the uncontroverted evidence does not support the board's legal conclusions. A lengthy recitation of the facts and conclusions regarding dozens of violations would not benefit the parties, the bar, or the public. After review of the record, we conclude that the board did not err in granting summary determination in favor of the board based on the record before it.
In his third assignment of error, petitioner argues that the board misinterpreted 16 CFR section 453.5 and thereby committed legal error when it concluded that he violated that rule by failing to state the reasons for embalming on multiple decedents' Statements of Funeral Goods and Services Selected. See ORS 692.180(h) (authorizing the board to impose civil penalties for a licensee's violation of any regulations adopted by the Federal Trade Commission regulating funeral industry practices). We disagree for the reasons stated in Klamath Tribute Center, LLC v. State Mortuary and Cemetery Board , 291 Or. App. 195, 419 P.3d 787 (2018). The board did not misinterpret the rule.
In his fourth assignment of error, petitioner challenges the board's determination that certain violations were egregious enough to warrant revocation of his license. As petitioner implicitly recognizes in his opening brief, however, the board ordered revocation as a penalty for multiple violations independently . Petitioner challenges the decision to revoke only as to some violations. For example, petitioner challenges the board's decision to revoke his license for violations involving Decedent A, Decedent E, and Decedent F, but he does not challenge the board's decision to revoke his license for violations involving Decedent B or Decedent C. The board independently revoked petitioner's license for the violations relating to each of the latter decedents. Petitioner *206 therefore cannot prevail on his fourth assignment of error because, even if he persuaded us that revocation was an improper sanction for violations pertaining to the former decedents, his license would remain revoked. Cf. Strawn v. Farmers Ins. Co. , 350 Or. 336, 366, 258 P.3d 1199, adh'd to on recons. , 350 Or. 521, 256 P.3d 100 (2011) ( "[W]hen a court's decision or ruling is premised on alternative grounds, a party challenging that ruling generally must take issue with all independent and alternative grounds on which it is based to obtain relief.").
Accordingly, we affirm the final order of the board.
Affirmed.