146 October 8, 2025 No. 884

*This is a nonprecedential memorandum opinion pursuant to ORAP 10.30 and may not be cited except as provided in ORAP 10.30(1).*

IN THE COURT OF APPEALS OF THE
STATE OF OREGON


Colin J. FOLAWN,
individually and as Trustee of the Folawn Trust,
and David B. Brownhill,
*Petitioners-Appellants,*

*v.*

STATE PARKS AND RECREATION DEPARTMENT,
by and through the State Historic Preservation Office,
*Respondent-Respondent.*

Multnomah County Circuit Court
22CV40345; A183786

Benjamin N. Souede, Judge.

Argued and submitted September 11, 2025.

Thomas M. Christ argued the cause and filed the briefs for appellants. Also on the briefs was Sussman Shank LLP.

Jona Jolyne Maukonen, Assistant Attorney General, argued the cause for respondent. On the brief were Dan Rayfield, Attorney General, Benjamin Gutman, Solicitor General, and Patrick M. Ebbett, Assistant Attorney General.

Before Joyce, Presiding Judge, Powers, Judge, and Hellman, Judge.

JOYCE, P. J.

Affirmed.

**JOYCE, P. J.**

This appeal stems from the denial of a petition for judicial review of a nomination of the Eastmoreland Portland neighborhood for listing by the National Park Service on the National Register of Historic Places. Because we conclude that the trial court correctly construed the applicable rule, we affirm.

The relevant facts are few. The State Historical Preservation Office (SHPO), a division of respondent State Department of Parks and Recreation, nominated the Eastmoreland neighborhood to the National Register of Historic places after the Eastmoreland Neighborhood Association petitioned to have it do so. The National Park Service returned the nomination form for correction; SHPO then waited more than two years to resubmit the Eastmoreland nomination.

In a petition for judicial review, petitioners challenged the second nomination on the basis that it was untimely under OAR 736-050-0250(18)(e); SHPO, however, argued that OAR 736-050-0270(4) expressly exempts the nomination from the two-year limitation and that the nomination was timely. OAR 736-050-0250(18)(e) provides that SHPO must "resubmit a National Register nomination form to the [federal government] within two years from the date the [National Park Service] initially returns the National Register nomination form for correction." If SHPO does not resubmit the nomination form, "the public comment period and the nomination process end." OAR 736-050-0270(4), however, provides that OAR 736-050-0250(18)(e) is "not applicable to National Register forms submitted before the effective date of this division."

The parties' arguments, both below and on appeal, reduced to whether the word "division" in OAR 736-050-0270(4) is meant to apply only to National Register forms that were pending at the time that Division 50 of Chapter 736 was adopted, many decades ago, or whether "division" refers to the effective date of Division 50 when it was amended in June 2021. Under the latter interpretation—the one advanced by SHPO—the exception applies to any

nomination pending in June 2021, which includes the Eastmoreland nomination.

"Our objective in interpreting an administrative rule is to determine the intent of the body that promulgated it." *State v. Papineau*, 228 Or App 308, 311, 208 P3d 500, *rev den*, 346 Or 590 (2009). The interpreting court "begin[s] with an examination of the text in context." If the "promulgating agency offers an interpretation of the rule that is plausible, given the rule's text and context and any other applicable sources of law," we defer to that interpretation. *Nacey v. Board of Massage Therapists*, 287 Or App 228, 233, 401 P3d 275 (2017).

We need not decide whether SHPO's interpretation[1] is entitled to deference because we agree with the trial court that "even in the absence of deference, the Court would find respondent's interpretation of OAR 736-050-0270(4)'s applicability to be superior to" petitioners':

"Respondent's interpretation is consistent with an agency looking to 'legacy in' nominations pending at the time of the exception's adoption, which is a fairly common practice when a lawmaker or rulemaker is changing the present state of the law. Petitioner[s'] view would have the agency creating an exception, and then applying that exception only to decades-old returned nominations while skipping over every nomination returned since the adoption of Chapter 50. *** But in interpreting SHPO's intended meaning, the ready availability of an interpretation that appears more logically directed toward an intended outcome weighs heavily in the interpretation of that rule."

The trial court thus correctly concluded that OAR 736-050-0270(4)'s exception applied to the Eastmoreland nomination and that the nomination was therefore not untimely under OAR 736-050-0250(18)(e).[2]

Affirmed.

---

[1] The parties dispute whether SHPO's interpretation of the rule is entitled to deference, given that the relevant rules were promulgated by the Parks and Recreation Commission.

[2] The parties also dispute whether this appeal is moot, given that the National Register has placed Eastmoreland on the register. Given the explicit process for delisting from the National Register, it is not clear that placement on the register moots the appeal, but because we conclude that the trial court correctly construed the statute, we need not decide that question.