Submitted March 16, affirmed July 26, petition for review denied October 19, 2017 (362 Or 94)

Aaron A. HARRIS,
*Petitioner,*

*v.*

DEPARTMENT OF PUBLIC SAFETY
STANDARDS AND TRAINING,
*Respondent.*

Department of Public Safety Standards and Training
39594; A161970

400 P3d 1032

Jennifer K. Chapman filed the briefs for petitioner.

Ellen F. Rosenblum, Attorney General, Benjamin Gutman, Solicitor General, and Peenesh Shah, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Lagesen, Judge, and Wilson, Senior Judge.

## WILSON, S. J.

Petitioner seeks judicial review of an order of the Department of Public Safety Standards and Training (DPSST) that revoked his certification to work as a corrections officer in accordance with OAR 259-008-0070(3)(a)(D)—a rule adopted by DPSST that mandates revocation of a corrections officer certificate when the certificate holder has been convicted of an offense listed in the rule. DPSST revoked petitioner's certification after his conviction for one count of negotiating a bad check, ORS 165.065, which had been reduced to a violation. ORS 165.065 is an offense listed in OAR 259-008-0070(3)(a)(D). On review, in petitioner's sole assignment of error, he argues that DPSST reached that conclusion based on an erroneous interpretation of OAR 259-008-0070(3)(a)(D). We conclude that DPSST's interpretation of OAR 259-008-0070(3)(a)(D) was plausible, and we therefore affirm.

Because it is helpful in understanding the issues in this case, we begin by setting forth the legal framework. Under ORS 181A.640(1)(b), DPSST may revoke a public safety officer's certification based on a finding that "[t]he public safety officer or instructor has been convicted of a crime or violation in this state or any other jurisdiction." ORS 181A.640(5), in turn, directs DPSST to promulgate rules "specifying those crimes and violations for which a conviction requires the denial, suspension or revocation of the certification of a public safety officer or instructor." Under that directive, DPSST promulgated OAR 259-008-0070, which provides, in relevant part:

"(3) Mandatory Grounds for Denying or Revoking Certification of a Public Safety Professional:

"(a) Standards and Certification must deny or revoke the certification of any public safety professional after written notice and hearing, based upon a finding that:

"* * * * *

"(D) The public safety professional has been convicted in this state of any of the following offenses, or of their statutory counterpart(s) in any other jurisdiction, *designated under the law where the conviction occurred as being punishable as a crime*:

"* * * * *

"165.065 (Negotiating a bad check)[.]"

(Emphasis added.) Until April 2015, DPSST did not interpret OAR 259-008-0070(3)(a)(D) to require the revocation of a certificate if the holder had been convicted of an offense originally charged as a crime, but later reduced to a violation. DPSST changed its interpretation on the advice of counsel in April 2015.

With that context in mind, we turn to the background facts of this case. Petitioner was employed by the Department of Corrections in 2005. As a requirement of his job, petitioner held a basic corrections certificate from DPSST. In 2010, petitioner was charged with five counts of negotiating a bad check (ORS 165.065(3)(a)), all Class A misdemeanors. As part of a plea agreement, petitioner pleaded guilty to one count of negotiating a bad check, which was reduced to a violation. *See* ORS 161.566(1) (stating that "a prosecuting attorney may elect to treat any misdemeanor as a Class A violation"). The remaining four counts were dismissed. In August 2015, DPSST issued a notice of intent to revoke petitioner's certificate, alleging that the violation constituted a mandatory ground for revocation under OAR 259-008-0070(3)(a)(D). Petitioner requested a hearing, which DPSST referred to the Office of Administrative Hearings (OAH).

DPSST moved for summary determination of the legal issues under OAR 137-003-0580. That rule "provides for an administrative 'summary determination' proceeding that is akin to a trial court summary judgment proceeding under ORCP 47." *Lucke v. DPSST*, 247 Or App 630, 633, 270 P3d 251 (2012). Specifically, under OAR 137-003-0580(6), an administrative law judge (ALJ) shall grant a motion for summary determination if

"(a)   The pleadings, affidavits, supporting documents (including any interrogatories and admissions) and the record in the contested case show that there is no genuine issue as to any material fact that is relevant to the resolution of the legal issue as to which a decision is sought; and

"(b)   The agency or party filing the motion is entitled to judgment as a matter of law."

In considering such a motion, the ALJ must view "all evidence in a manner most favorable to the non-moving party or non-moving agency." OAR 137-003-0580(7).

In its motion for summary determination, DPSST defended its interpretation of OAR 259-008-0070(3)(a)(D)—which requires revocation of a certification upon conviction of a violation of ORS 165.065 (negotiating a bad check)—"noting that the rule does not require conviction of a 'crime' but of an 'offense.'" Petitioner opposed DPSST's motion for summary determination, asserting that "the mandatory disqualification does not apply to him because he was convicted of a 'violation,' not a crime" and, as a result, what he was convicted of was not "punishable" as a crime. Thus, the issue before the ALJ on summary determination was one of statutory and administrative rule construction.

After determining that there were no material facts to be decided, the ALJ issued a ruling on summary determination in favor of DPSST. The ALJ concluded, as a matter of law, that petitioner's conviction for negotiating a bad check required revocation of his certification under ORS 181A.640(5) and OAR 259-008-0070(3)(a)(D). In doing so, the ALJ accepted DPSST's interpretation of its own rule, OAR 259-008-0070(3)(a)(D), reasoning first that "[petitioner's] argument focuses on the lack of a conviction of a 'crime' but [OAR 259-008-0070(3)(a)(D)] refers to 'offenses,' not 'crimes,'" inferring that the term "offenses" is broad enough to include violations. The ALJ emphasized that he must defer to DPSST's plausible interpretation of its own rule because it is not inconsistent with the actual wording of the rule or any other source of law. Finally, the ALJ stated that DPSST's use of the word "punishable" rather than "punished" in OAR 259-008-0070(3)(a)(D) focuses the rule "not on the actual outcome of the case but on the nature of the crime itself." Thus, reasoned the ALJ, even though the charge was reduced to a violation from a misdemeanor, petitioner's "action in negotiating a bad check was still *punishable* as a crime under the statute in question." (Emphasis in original.) Accordingly, the ALJ entered a proposed order revoking petitioner's certificate. Petitioner filed exceptions to the proposed order. However, DPSST rejected those exceptions and adopted the proposed order in its entirety.

On judicial review, petitioner contends that DPSST erred when it concluded, on summary determination, that petitioner's conviction for negotiating a bad check required revocation of his certification. In doing so, petitioner renews his challenge to DPSST's interpretation of OAR 259-008-0070(3)(a)(D).

Generally speaking, we interpret rules by applying the same analytical framework that applies to the interpretation of statutes. That is, we consider the text of the rule and its context, including other portions of the rule and related laws, and the rule's adoption history. *State v. Teixeira*, 259 Or App 184, 190, 313 P3d 351 (2013). However, "[w]e defer to the agency's *plausible* interpretation of its own rule, including an interpretation made in the course of applying the rule, if that interpretation is not inconsistent with the wording of the rule, its context, or any other source of law." *DeLeon, Inc. v. DHS*, 220 Or App 542, 548, 188 P3d 354 (2008) (citing *Don't Waste Oregon Com. v. Energy Facility Siting*, 320 Or 132, 135, 881 P2d 119 (1994)) (emphasis added). On review, petitioner argues that DPSST's interpretation is not plausible, and therefore not entitled to deference, because it is inconsistent with the wording of the rule itself and its context and conflicts as well as conflicts with another law, ORS 153.008(2). For the reasons that follow, we disagree.[1]

Again, OAR 259-008-0070(3)(a) begins by stating that DPSST "must deny or revoke the certification of any public safety professional * * * upon a finding that * * * [t]he public safety professional has been convicted in this state of any of the following *offenses*." (Emphasis added.) The rule then enumerates a list of offenses which include negotiating a bad check, ORS 165.065. Notably, DPSST could have drafted its rule to require revocation of a certificate only if the holder had been convicted of a "crime," instead of an "offense," but it did not do so. DPSST used the term "offenses," not "crimes" in the rule, consistent with the statute authorizing the rule. As we have described, that

---

[1] Initially, we reject petitioner's contention that DPSST's current interpretation of OAR 259-008-0070(3)(a)(D) is not entitled to deference because it is not DPSST's original interpretation but, instead, represents a change in interpretation that was made based on the advice of counsel. Petitioner cites no authority, and we are aware of none, for that proposition.

statute, ORS 181A.640(5), directed DPSST to adopt rules specifying "those crimes *and violations*" for which a conviction would require revocation of a certificate. (Emphasis added.) DPSST chose the word "offenses" and, significantly, ORS 161.505 defines "offense" as *either* a crime * * * or a violation." (Emphasis added.) Thus, based on the text and context of OAR 259-008-0070(3)(a)(D), DPSST's interpretation of "offenses" as broader than "crimes"—specifically to include violations such as the one at issue here—is plausible.

However, petitioner focuses his argument on the last phrase of the rule, which, again, states, "The public safety professional has been convicted in this state of any of the following offenses, or of their statutory counterpart(s) in any other jurisdiction, *designated under the law where the conviction occurred as being punishable as a crime*[.]" OAR 259-008-0070(3)(a)(D). (Emphasis added.) According to petitioner, "The parties dispute whether the last phrase in OAR 259-008-0070(3)(a)(D)—'designated under the law where the conviction occurred as being *punishable as a crime*'—applies to all offenses covered by the rule, or only those offenses that take place out-of-state." (Emphasis added.) Indeed, petitioner asserts, "DPSST currently insists that it is only required to consider whether an offense was 'punishable as a crime' if the offense took place out-of-state." However, DPSST does not take the position that petitioner attacks. The ALJ concluded, and DPSST argues on review, that petitioner was convicted of an offense punishable as a crime *in this state*. DPSST does not argue that the "punishable as a crime" language applies only to out-of-state convictions.

Rather, DPSST interprets the "punishable as a crime" condition as asking "whether, in the abstract, an *offense* is 'punishable' as a crime, not whether particular *conduct* has in fact been 'punished' as a crime." (Emphases in original.) Thus, under DPSST's interpretation, the condition does not turn on what happened during an individual petitioner's conviction, but instead turns on whether "the law permits punishing a particular offense as a crime." Significantly, the text of the rule supports DPSST's interpretation. That is, the use of the term "punishable"—rather than the term "punished"—reflects an intent to focus on the

nature of the offense in the abstract and not on a particular petitioner's criminal conviction. As a result, DPSST's interpretation is a plausible interpretation of the rule based on its text and context.

We also reject petitioner's contention that DPSST's interpretation of OAR 259-008-0070(3)(a)(D) puts the rule in conflict with another law, namely ORS 153.008(2), and is, therefore, not entitled to deference. ORS 153.008(2) provides, "Conviction of a violation does not give rise to any disability or legal disadvantage based on conviction of a crime." In other words, ORS 153.008(2) prohibits relying on a violation to impose a penalty conditioned on conviction of a crime. That is not the case here. Rather, for the purpose of mandatory revocation pursuant to OAR 259-008-0070(3)(a)(D), DPSST has chosen to treat convictions of crimes and convictions of violations as independently sufficient conditions for imposing the penalty of revocation. Mandatory revocation proceedings are initiated upon conviction of a crime or violation and, thus, DPSST is not relying on a violation to impose a penalty conditioned on conviction of a crime. Furthermore, as we have noted, the authorizing statute for the rule, ORS 181A.640(5), expressly envisions revocation of a certification for conviction of a violation. To the extent petitioner is arguing that ORS 181A.640(5) is inconsistent with ORS 153.008(2), that argument fails because the former is more specific and is paramount to the general. ORS 174.020(2).

In sum, we conclude that DPSST's interpretation of OAR 259-008-0070(3)(a)(D) is plausible and, thus, we are bound by it. Therefore, DPSST did not err in revoking petitioner's corrections certification.

Affirmed.