EGAN, J.
*1184 *315 Petitioner seeks judicial review of a final order of the Department of Public Safety Standards and Training (DPSST) that revoked his Basic Corrections Certification based on a determination that petitioner had engaged in discretionary disqualifying misconduct. Petitioner asserts that the administrative law judge (ALJ) erred in deciding the case without a hearing when she granted DPSST's motion for summary determination.[1] Reviewing for legal error the ALJ's order granting summary determination, ORS 183.482(8)(a) ; Hamlin v. PERB , 273 Or. App. 796, 798-99, 359 P.3d 581 (2015), we agree with petitioner and reverse and remand.
Because it is helpful in understanding this case, we begin by setting out the administrative framework under which DPSST sought to revoke petitioner's corrections certification. DPSST established by rule reasonable minimum standards of physical, emotional, intellectual, and moral fitness for corrections officers. See former ORS 181.640(1)(a) (2013), renumbered as ORS 181A.410 (2015) (requiring DPSST to establish standards); OAR 259-008-0010[2] (setting forth minimum standards for "law enforcement officers"); OAR 259-008-0005(16) (including corrections officers in definition of "law enforcement officers"). DPSST may suspend or revoke a corrections officer's certification, after notice and, if requested, a hearing, if it finds that the officer fails to meet those standards. Former ORS 181.662(1)(c) (2013), renumbered as ORS 181A.640(1)(c) (2015).
DPSST is responsible for setting and upholding the standards to ensure the highest levels of professionalism and discipline, and the "standards shall be upheld at all times unless the Board determines that neither the safety of the public [n]or respect of the profession is compromised." OAR 259-008-0070(1). DPSST's moral fitness standards *316 provide that some conduct by corrections officers requires mandatory revocation of a certification and other conduct allows DPSST the discretion to choose to suspend or revoke a certification. OAR 259-008-0070(3), (4). In this case, there is no contention that petitioner's conduct required a mandatory revocation.
If a corrections officer engages in discretionary disqualifying misconduct, DPSST's rules provide that it "may deny or revoke the certification of any public safety professional [3 ]***, after written notice, and a hearing, if requested, based upon a finding that" "[t]he public safety professional *** has engaged in conduct that fails to meet the applicable minimum standards as described in sub-section (b), minimum training or the terms and conditions established under ORS 181.640." OAR 259-008-0070 (4)(a)(B). Subsection (b) describes six categories of discretionary disqualifying misconduct. OAR 259-008-0070 (4)(b). Two of those discretionary disqualifying misconduct categories are relevant here: "dishonesty" and "misconduct." Dishonesty includes "untruthfulness, dishonesty by admission or omission, deception, misrepresentation, falsification." OAR 259-008-0070(4)(b)(A). Misconduct includes "conduct that violates the law, practices or standards generally followed in the Oregon public safety profession. By definition, all criminal convictions meet the definition of Misconduct within this category." OAR 259-008-0070(4)(b)(E). If DPSST concludes that there is a reasonable basis to revoke the certification of a public safety officer, it must provide the officer with notice and the opportunity for a hearing before revoking the certification. See ORS 183.415(2) ("In a contested case, all parties shall be afforded an opportunity for hearing after reasonable notice.").
With that in mind, we turn to the background facts of this case. The Department of Corrections (DOC) hired petitioner as a corrections *1185 officer in 2008. In 2009 or 2010, petitioner's brother and sister-in-law gave him their dog, Sophie. They told petitioner that they would take Sophie back at any time if petitioner could no longer care for her. In 2013, petitioner took Sophie to the Payette City Police *317 Department in Idaho, where petitioner lived, and told a police officer that he had found the dog on that day while she was roaming the city without a collar or other identification. At the time, Sophie was emaciated and had an injured leg. The police officer impounded the dog.
On that same day, petitioner told his brother that he had taken Sophie to a shelter. The shelter and police were then notified that petitioner had been the dog's owner and caregiver for the preceding several years. Later that day, petitioner called the police station and requested to speak with the officer who had impounded Sophie. That officer contacted petitioner the following day and asked him why he had lied about finding the dog. Petitioner responded that he had lied because he knew that the shelter would not have taken the dog if he had told the truth that he was her owner. Payette Police then issued a citation to petitioner for providing false information to a law enforcement officer.[4] Petitioner pleaded guilty and was convicted of the misdemeanor of providing false information to police.
Petitioner notified DOC of his citation. DOC investigated and issued petitioner a written reprimand. DPSST's Corrections Policy Committee (CPC) also reviewed petitioner's conduct and conviction. During the CPC's process to determine whether to initiate proceedings based on discretionary disqualifying misconduct, petitioner was allowed the opportunity to provide evidence of mitigating circumstances, as required by OAR 259-008-0070(9)(d). Petitioner provided evidence of his good character, remorse for the incident, and good behavior at work.
The CPC determined that petitioner had engaged in conduct that amounted to disqualifying misconduct under *318 the OAR 259-008-0070(4)(b) discretionary disqualifying categories of dishonesty and misconduct. The committee recommended a life-time revocation of petitioner's certification for his dishonesty and a seven-year suspension for his misconduct. The CPC found both aggravating and mitigating circumstances in making its decision. DPSST's board then ratified the CPC's decision to seek revocation of petitioner's certification and initiated a contested case proceeding by issuing a notice to petitioner of its intention to revoke his certification and his right to a hearing.
Petitioner requested a hearing, and the matter was referred to the Office of Administrative Hearings (OAH) and assigned to an ALJ. DPSST then filed a motion for summary determination, contending that petitioner's conviction for providing false information to a police officer and the conduct underlying that conviction were uncontroverted facts and that it was also uncontested that petitioner had engaged in the discretionary disqualifying misconduct of "dishonesty" and "misconduct." DPSST argued that, consequently, the board acted within its discretion to revoke petitioner's certification. Petitioner responded with multiple arguments, including the argument that DPSST's standards indicated that conduct that is considered to be within the discretionary disqualifying misconduct categories of dishonesty and misconduct "may be grounds on which DPSST may exercise its discretion to revoke a certification." (Emphases in original.) Petitioner argued that, because petitioner's conduct fell within the categories for which revocation was discretionary, there must then be circumstances under which DPSST could conclude that a corrections officer could retain his certification despite having engaged in conduct within those discretionary disqualifying misconduct categories. According to *1186 petitioner, DPSST could not simply assert that petitioner had engaged in misconduct and dishonesty and revoke his certification without a hearing.
The ALJ granted DPSST's motion for summary determination and issued a proposed order revoking petitioner's corrections officer certification and cancelling the hearing. According to the ALJ's order, the only material facts at issue were petitioner's conviction and his conduct *319 that gave rise to that conviction.[5] The ALJ determined that "DPSST may revoke [petitioner's] corrections officer certification, which [was] the sanction sought by DPSST in its Notice" because petitioner had "engaged in discretionary disqualifying misconduct when he was dishonest with the police officer and when he was convicted for violating an Idaho law." According to the ALJ, revocation was "consistent with" the rules that "allow[ ] for revocation as a sanction based upon the finding that [petitioner] engaged in conduct involving dishonesty and misconduct." The order also states that "DPSST did not abuse its discretion in proposing revocation of [petitioner's] basic corrections officer certification" and that "[b]ased on the record, revocation of [petitioner's] basic corrections officer certification is warranted." Additionally, the order contained the following "Conclusions of Law":
"1. There is no material fact in dispute and DPSST is entitled to a favorable ruling.
"2. [Petitioner] engaged in conduct involving dishonesty.
"3. [Petitioner] engaged in conduct involving misconduct.
"4. DPSST should revoke [petitioner's] basic corrections officer certification."
The ALJ concluded that, based on the "undisputed material facts," DPSST was entitled to a favorable ruling on summary determination on all issues in the matter. Petitioner filed exceptions to the ALJ's proposed order. DPSST reviewed and rejected the exceptions and incorporated the ALJ's proposed order in its final order, concluding that petitioner's certification was "properly revoked" under ORS 181.640 and OAR 259-008-0070.
*320 On judicial review, we understand petitioner's first assignment of error to repeat the argument that he made to the ALJ, as explained above. He contends that the ALJ erred by determining that the revocation of petitioner's certification could be resolved on summary determination and without the hearing he requested. He argues that the fact that petitioner had lied to a police officer and had been convicted for telling that lie gave DPSST the discretion to revoke petitioner's certification but did not require revocation as a matter of law. In petitioner's view, because the undisputed facts did not require DPSST to revoke petitioner's certification as a matter of law, summary determination was not appropriate. DPSST contends that summary determination was proper because petitioner did not dispute that he had engaged in the discretionary disqualifying misconduct of dishonesty and misconduct, and, therefore, revoking petitioner's basic corrections certification was within its discretion.
OAR 137-003-0580 provides for an administrative summary determination proceeding that is akin to a trial court summary judgment proceeding under ORCP 47. Lucke v. DPSST , 247 Or. App. 630, 633, 270 P.3d 251 (2012). OAR 137-003-0580(6) provides, in pertinent part, that an ALJ shall grant a motion for a summary determination if:
"(a) The pleadings, affidavits, supporting documents (including any interrogatories and admissions) and the record in the contested case show that there is no genuine issue as to any material fact that is relevant *1187 to the resolution of the legal issue as to which a decision is sought; and
"(b) The agency or party filing the motion is entitled to a favorable ruling as a matter of law."
In considering a motion for summary determination, the ALJ must "consider all evidence in a manner most favorable to the non-moving party or non-moving agency." OAR 137-003-0580(7).
The dispositive question for us on judicial review is whether DPSST was entitled to a favorable ruling on summary determination as a matter of law. We conclude that it was not.
*321 Issues may be resolved on a motion for summary determination only where the application of law to the facts requires a single, particular result. Therefore, the issues on summary determination must be purely legal. Hamlin , 273 Or. App. at 798 n 2, 359 P.3d 581. In this case, DPSST was not entitled to a favorable ruling as a matter of law because the decision to revoke petitioner's certification was discretionary. DPSST may revoke a corrections officer's certification on a motion for summary determination if there is no dispute that the officer engaged in conduct for which DPSST is required to revoke his certification. See Harris v. Dept. of Public Safety Standards , 287 Or. App. 111, 400 P.3d 1032 (2017) (affirming an ALJ's order granting summary determination and revoking an officer's certification because DPSST's interpretation of its rule was plausible and its application to the facts required the revocation of a corrections officer's certification). But petitioner in this case did not engage in such conduct.
Here, no single outcome was required as a matter of law. That is true even if we assume that, as the ALJ stated, the only relevant facts are that petitioner lied, he was convicted for lying, and that conduct constituted the discretionary disqualifying misconduct of dishonesty and misconduct. Applying the governing framework of statutes and rules to those facts, as the ALJ was required to do, does not, as a matter of law, require DPSST to revoke petitioner's certification. DPSST's rules allow it the discretion to revoke petitioner's certification; however, whether it should revoke the certification is not an appropriate determination on summary determination.
The question whether DPSST should revoke petitioner's certification is not a question that demands a particular result as a matter of law. Whether DPSST should revoke petitioner's certification is a question of discretion that requires consideration of more than the fact that petitioner lied to a police officer and was convicted for lying. Under DPSST's rules, those two facts do not require DPSST to revoke petitioner's certification. Instead, DPSST is expected to consider all of the relevant evidence in making its determination whether it should revoke a corrections officer's certification.
*322 Cuff v. Department of Public Safety Standards , 345 Or. 462, 471, 198 P.3d 931 (2008). That consideration is appropriate in the context of a contested case hearing and not on a motion for summary determination.
An ALJ may not grant a motion for summary determination simply because the weight of the evidence favors one party over the other. See Watts v. Board of Nursing , 282 Or. App. 705, 714, 386 P.3d 34 (2016) ("If there is evidence creating a relevant fact issue, then no matter how 'overwhelming' the moving party's evidence may be, or how implausible the nonmoving party's version of the historical facts, the nonmoving party, upon proper request, is entitled to a hearing."). In the related context of a civil action in which the trial court is the trier of fact, a court cannot grant a motion for summary judgment based upon the court's weighing of the evidence and a determination that one party is merely more likely to prevail; rather, the court shall grant the motion only if no genuine issue of material fact exists and one party is entitled to a favorable ruling as a matter of law. See ORCP 47 C (The court shall grant the motion only if, viewing the facts in the light most favorable to the nonmoving party, no objectively reasonable juror could return a verdict for the adverse party on the matter.); see Staten v. Steel , 222 Or. App. 17, 31, 191 P.3d 778 (2008), rev. den. , 345 Or. 618, 201 P.3d 909 (2009) (stating that a court does not weigh the evidence on a motion for summary judgment). The same is true in the context of a motion for summary *1188 determination in a contested case. An ALJ may not grant summary determination in favor of an agency simply because the evidence appears to weigh in favor of the agency. Summary determination is not a substitute for a contested case hearing when an agency's rules require the agency to make a discretionary decision.
The ALJ's order demonstrates that she misunderstood her role on summary determination. In her order, the ALJ determined that "DPSST may revoke" petitioner's certification, that revocation was "consistent with" rules that "allow[ ] for revocation," and that "DPSST did not abuse its discretion in proposing revocation." The ALJ also included in her "Conclusions of Law" that "DPSST should revoke" petitioner's certification. All of those determinations are not appropriate on summary determination because they required the ALJ to weigh the evidence. The ALJ's order *323 also includes analysis and conclusions regarding appellate standards of review, such as substantial evidence and abuse of discretion, which are not appropriate in a summary determination proceeding. Substantial evidence analysis plays no role in a summary determination because the ALJ may not find facts and there must be no material facts in dispute to grant a judgment in favor of a party on summary determination. So too, the ALJ's conclusion that "DPSST did not abuse its discretion in proposing revocation of [petitioner's] basic corrections officer certification" is not relevant in determining whether, viewing the undisputed facts in the light most favorable to petitioner, DPSST was entitled to a favorable ruling as a matter of law.
The ALJ's role was not to determine whether DPSST properly exercised its discretion in seeking revocation of petitioner's certification. Whether DPSST abused its discretion to revoke a certification is a matter for us to determine only on judicial review of a final order that embodies DPSST's final exercise of discretion; it cannot be determined before then. On summary determination, it also was not the ALJ's role to weigh the evidence and decide whether DPSST should revoke petitioner's certification. The ALJ's role, instead, was to determine whether DPSST was entitled to revoke petitioner's certification as a matter of law without a hearing. DPSST's rules allow it the discretion to decide whether to revoke petitioner's certification. Here, the facts did not legally compel DPSST to exercise its discretion in a particular manner. Consequently, the ALJ's answer to the question whether DPSST should revoke petitioner's certification was not appropriate for summary determination.
For the reasons stated above, we conclude that the ALJ erred by granting DPSST's motion for summary determination and ordering the revocation of petitioner's basic corrections officer certification without a hearing.
Reversed and remanded.

Although DPSST's final order is the order that we are charged with reviewing on judicial review, we generally refer to the ALJ's order throughout this opinion because the orders of DPSST and the ALJ are substantively the same.

All references in this opinion to the Oregon Administrative Rules are to the 2014 version of the rules in place at the time DPSST notified petitioner that it intended to revoke his certification.

Corrections officers are public safety professionals. OAR 259-008-0005(24).

Idaho Code 18-5413 provides as follows:
"(1) A person is guilty of a misdemeanor if he knowingly gives or causes to be given false information to any law enforcement officer, any state or local government agency or personnel, or to any person licensed in this state to practice social work, psychology or counseling, concerning the commission of an offense, knowing that the offense did not occur or knowing that he has no information relating to the offense or danger.
"(2) A person is guilty of a misdemeanor if he knowingly gives or causes to be given false information regarding his or another's identity to any law enforcement officer investigating the commission of an offense."

The ALJ's proposed order also contains a section labeled "Findings of Fact." But where an agency adjudicator resolves a contested case proceeding on a motion for summary determination under OAR 137-003-0580, the agency cannot engage in fact finding. See Hamlin , 273 Or. App. at 798 n 2, 359 P.3d 581 ("[T]he adjudicator is not permitted to make factual findings at that stage of the proceedings. Rather, the issues that an agency is empowered to resolve on summary determination are purely legal: (1) whether the evidence presented gives rise to a dispute of material fact and (2) whether the moving party 'is entitled to a favorable ruling as a matter of law.' "). As a result, we understand the ALJ's statement of the facts to be a statement of the undisputed facts, rather than a statement of the ALJ's factual findings.