DEHOOG, P.J.
*402 Petitioner, a former licensed professional counselor, seeks judicial review of a final order of the Board of Licensed Professional Counselors and Therapists (board) revoking her license based on three findings of professional misconduct. Petitioner raises three assignments of error on review; due to our resolution of the first assignment, we do not discuss the second and third.[1] In her first assignment of error, petitioner argues that it was improper for the board to revoke her counseling license on summary determination. Based on our recent decision in King v. Dept. of Public Safety Standards , 289 Or. App. 314, 412 P.3d 1183 (2017),[2] in which we held that an agency's exercise of discretion in imposing a sanction is not a proper matter for summary determination, we agree with petitioner. Accordingly, we reverse and remand.
Because our disposition in this case relates to a purely procedural matter, we limit our discussion of the facts underlying petitioner's license revocation proceedings to those necessary for context. This disciplinary action arose from allegations that petitioner had engaged in a nonsexual, but nonetheless inappropriate, dual relationship with a client. Petitioner began providing counseling services to the client in 2001. Those services continued until February 2013. Because, in the board's view, petitioner's relationship with her client violated various regulations applicable to licensed professional counselors, the board filed and served petitioner with a notice of intent to revoke petitioner's license, alleging several instances of misconduct. Petitioner's matter was assigned to an administrative law judge (ALJ) for a contested case hearing and, following preliminary proceedings not relevant here, the board moved for summary determination on some of its allegations. Based on the parties' briefing and related filings, the ALJ granted summary determination as to the following three violations:
*403 "1. Licensee engaged in an inappropriate dual relationship with Client, in violation of OAR 833-100-0021(1) and (10), OAR 833-100-0031(1) and (2), and OAR 833-100-0041(2).
"2. Licensee used her counseling relationship with Client to further her personal and financial interests, in violation of OAR 833-100-0041(2), (3) and (10).
*25 "3. Licensee abruptly terminated her counseling services to Client without providing Client with any pre-termination counseling or counselor referrals, in violation of OAR 833-100-0021(2), (10) and (17)."
On appeal, petitioner does not dispute that her conduct violated those provisions of law; as explained below, she challenges only the substantive and procedural validity of the sanction that the board imposed as a result of those violations.
After the ALJ issued her ruling, the board filed an amended notice of intent to revoke petitioner's license based only on the three violations as to which the ALJ had granted summary determination. The board again moved for summary determination, this time seeking a ruling that the board could revoke petitioner's license under ORS 675.745 (1)(e)[3] based on those violations. The ALJ concluded that, as a matter of law, the board could revoke petitioner's license. The ALJ specifically concluded:
"Now, with evidence in the record of the Board's decision to revoke Licensee's license based on the multiple violations ***, the Board is entitled to a favorable ruling as a matter of law. Under ORS 675.745(1)(e), the Board has discretion in sanctioning a licensee for misconduct upon proof that the licensee violated one or more of the Board's rules. There is nothing in the record to indicate that the Board has abused its discretion proposing revocation ***. The Board has exercised its discretion and is entitled to summary determination ***."
*404 The board entered a final order adopting the ALJ's opinion as a whole; it adopted verbatim the ALJ's conclusions regarding the board's exercise of discretion in choosing a sanction. The final order revoked petitioner's license and assessed $22,920.23 in costs against her. Petitioner did not file timely exceptions to the board's order but did file a petition for reconsideration, which the board denied.
As in her petition for reconsideration, petitioner argues on judicial review that summary determination is not an appropriate means of deciding her sanction. In essence, her argument is that she is entitled to have the board determine the appropriate sanction for her violations in a contested hearing. In response, the board argues that it permissibly relied on summary determination to resolve this case because there was no dispute as to the facts underlying petitioner's alleged violations or the appropriate sanction; as to the latter, the board contends that, because the appropriate sanction is a matter of the board's discretion, and because the record reflects that the board chose to exercise that discretion by revoking petitioner's license, there is no factual dispute left to decide. Thus, the board reasons, it was entitled, as a matter of law, to revoke petitioner's license.
To place the parties' contentions in context, we briefly describe the regulatory framework governing petitioner's disciplinary proceeding. Professional counselors such as petitioner are subject to licensing and regulation by the board. See generally ORS 675.705 to 675.835. The board has promulgated regulations governing its licensees. OAR 833-001-0000 to 833-130-0080. ORS 675.745(1)(e) authorizes the board to impose a range of sanctions on licensees that fail to comply with the board's rules; it provides:
"(1) The Oregon Board of Licensed Professional Counselors and Therapists may deny, suspend, revoke or refuse to issue or to renew any license * * * upon proof that the applicant for licensure or the licensee:
"* * * * *
"(e) Has violated one or more of the rules of the board pertaining to the licensure of professional counselors or licensed marriage and family therapists[.]"
*405 Under ORS 675.745(1)(e), then, license revocation is a sanction available to the board upon proof that a licensee has violated one or more of its rules. And, as noted, the board determined that petitioner had violated three of its rules, and petitioner does not challenge *26 that determination on judicial review. Thus, under the statute, the board undeniably has authority, as a matter of discretion, to revoke petitioner's license. Notably, however, the statute does not mandate that the board revoke petitioner's license based upon her particular conduct or undisputed violations.
In light of those circumstances, we conclude that our decision in King controls the outcome here and requires us to reverse and remand the board's final order. In King , we held, under similar circumstances, that a discretionary sanction is not a proper subject for summary determination, because whether an agency should impose a particular sanction is not a question of law. 289 Or. App. at 321, 412 P.3d 1183. As in this case, the agency in King moved for summary determination on both an alleged violation and the sanction that the agency sought to impose as a result of that violation; the agency argued that the alleged violation was one for which it had discretion to revoke the petitioner's certification. Id. at 318-19, 412 P.3d 1183. The ALJ agreed and granted summary determination after concluding that the agency did, in fact, have discretion to revoke the petitioner's certification and that the agency had not abused that discretion. Id . We reversed the agency's resulting order, holding that, because the question of whether an agency should exercise its discretion is not a question "that demands a particular result as a matter of law," an ALJ errs when it grants an agency's motion for summary determination as to that discretionary decision. Id. at 321-23, 412 P.3d 1183. As we emphasized, to grant summary determination under OAR 137-003-0580(6), an ALJ must find that the party seeking summary determination is " 'entitled to a favorable ruling as a matter of law .' " Id. at 320, 412 P.3d 1183 (quoting OAR 137-003-0580(6) (emphasis added) ). And, because the decision whether to impose a discretionary sanction is necessarily discretionary, it is not susceptible to determination as a matter of law. Id . at 321, 412 P.3d 1183.
We see no material distinction between the improper use of summary determination in King and the procedures *406 followed in this case. As in King , the ALJ in this case expressly relied on the fact that the board had discretion to revoke petitioner's license and the ALJ's own determination that the board had not abused that discretion. But, as explained above, although the board may have had the discretion to revoke petitioner's license based on her misconduct, such revocation does not follow as a matter of law. Therefore, in accordance with King and the permissible use of summary determination under OAR 137-003-0580(6), we reverse and remand.[4] See ORS 183.482(7) ; ORS 183.417(8) (the court shall remand if the hearing officer failed to correctly apply the law); and ORS 183.482(8)(a) (court shall remand case to agency for further action under a correct interpretation of law).
Reversed and remanded.

In her second assignment of error, petitioner argues that revocation is inconsistent with sanctions that the board has imposed in prior disciplinary actions, and, in her third assignment of error, petitioner argues that the board failed to provide a sufficient accounting for the fees associated with the revocation proceeding.

We issued our decision in King following briefing and submission of this case for decision.

ORS 675.745(1)(e) has since been renumbered as ORS 675.745(1)(f) and amended. Former ORS 675.745(1)(e) (2014), renumbered as ORS 675.745(1)(f) (2015). Although those changes do not affect our analysis, we refer throughout this opinion to the version of ORS 675.745 in effect in 2014, when the board issued its decision in this case.

Given our conclusion that petitioner's license revocation was procedurally invalid, we do not address her argument that the sanction that the board chose was substantively excessive.