EGAN, C.J.
*340 In these petitions, consolidated for purposes of opinion, petitioners seek judicial review of an order of the Public Employees Retirement System Board (the board) upholding an order of the Public Employees *399 Retirement System (PERS) that petitioners were overpaid benefits, after a summary determination on a contested case hearing. We conclude that the board did not err and therefore affirm.
Petitioners each retired from public employment and elected to receive their PERS benefits in a lump-sum payment. Petitioner Parks received a lump-sum payment on August 22, 2003. Petitioner Metje received a lump-sum payment on February 13, 2004. In March 2006, both petitioners received letters from PERS notifying them that PERS had determined that their benefits had been miscalculated and that, as a result, they had received an overpayment. The letters included a copy of a January 2006 order by PERS establishing a repayment method and promising individual notices describing the exact amounts of the overpayments. The letter also described their appeal rights.
There were legal challenges to PERS's January 2006 order that resulted in a stay and a hiatus in overpayment collections. That litigation concluded in February 2012. In April 2012, PERS notified petitioners that it was resuming collection of the overpayments and, in December 2012 and January 2013, PERS notified petitioners Metje and Parks, respectively, of the exact amounts of their overpayments.
The overpayment notices included a notice of appeal rights, which described an administrative review by the PERS director, permitting the submission of written statements. Both petitioners sought administrative review, after which PERS issued a "review determination" upholding the overpayment calculation.
Petitioners were notified that they had a right to seek a contested case hearing after the review determination. The review determination included a notice of appeal rights:
"If you disagree with the above Determination, you may request a contested case hearing before an administrative *341 law judge by filing a petition within 45 days after the date of this determination."
Both petitioners requested a contested case hearing before the board, which the board referred to administrative law judges (ALJs) of the Office of Administrative Hearings.[1]
Before the ALJs, PERS sought a summary determination, see OAR 137-003-0580 (setting forth procedures for summary determination) that there were no disputed facts and that PERS was entitled to prevail as a matter of law. In response to PERS's request, petitioners did not contend that there were factual disputes precluding summary determination; nor did they dispute that they had received overpayments. Rather, petitioners argued that they were entitled to summary determination as a matter of law, contending that, under ORS 238.715, to initiate collection efforts against a lump-sum payee, PERS was required to file a civil action in circuit court, and had failed to do so. In proposed orders, the ALJs rejected petitioners' contention and upheld the determinations of overpayment as a matter of law. With only technical corrections, the board issued final orders affirming and adopting the proposed orders based on summary determination, and upheld PERS's determinations of overpayment.
Petitioners seek judicial review. As we explained in Harris v. Dept. of Public Safety Standards , 287 Or. App. 111, 113, 400 P.3d 1032, rev. den. , 362 Or. 94, 405 P.3d 152 (2017), and Lucke v. DPSST , 247 Or. App. 630, 633, 270 P.3d 251 (2012), a summary determination is akin to a trial court summary judgment proceeding under ORCP 47. On judicial review, the board's order granting PERS's motion for summary determination will be affirmed if there is no genuine issue of material fact and PERS was entitled to a favorable ruling as a matter of law. See OAR 137-003-0580(6), (7) ;
*342 *400 Wolff v.Board of Psychologist Examiners , 284 Or. App. 792, 800, 395 P.3d 44 (2017) (describing standard of review).
On judicial review, petitioners continue to assert that, to initiate collection efforts against petitioners as lump-sum payees, PERS was required to commence a civil action. PERS continues to assert that it is permitted to recover overpayments to petitioners through these administrative proceedings. The parties' dispute turns largely on an interpretation of ORS 238.715, which is the statutory authorization for the recovery of overpayments by PERS. It provides, as relevant:
"(1) If the Public Employees Retirement Board determines that a member of the Public Employees Retirement System or any other person receiving a monthly payment from the Public Employees Retirement Fund has received any amount in excess of the amounts that the member or other person is entitled to under this chapter and ORS chapter 238A, the board may recover the overpayment or other improperly made payment by:
"(a) Reducing the monthly payment to the member or other person for as many months as may be determined by the board to be necessary to recover the overpayment or other improperly made payment; or
"(b) Reducing the monthly payment to the member or other person by an amount actuarially determined to be adequate to recover the overpayment or other improperly made payment during the period during which the monthly payment will be made to the member or other person.
"(2)(a) Any person who receives a payment from the Public Employees Retirement Fund and who is not entitled to receive that payment, including a member of the system who receives an overpayment, holds the improperly made payment in trust subject to the board's recovery of that payment under this section or by a civil action or other proceeding .
"(b) The board may recover an improperly made payment in the manner provided by subsection (1) of this section from any person who receives an improperly made payment from the fund and who subsequently becomes entitled to receive a monthly payment from the fund.
"(c) The board may recover an improperly made payment by reducing any lump sum payment in the amount *343 necessary to recover the improperly made payment if a person who receives an improperly made payment from the fund subsequently becomes entitled to receive a lump sum payment from the fund.
"* * * * *
"(4) Before reducing a benefit to recover an overpayment or erroneous payment, or pursuing any other collection action under this section, the board shall give notice of the overpayment or erroneous payment to the person who received the payment. The notice shall describe the manner in which the person who received the payment may appeal the board's determination that an overpayment or erroneous payment was made, the action the board may take if the person does not respond to the notice and the authority of the board to assess interest, penalties or costs of collection.
"* * * * *
"(7) A payment made to a person from the fund may not be recovered by the board unless within six years after the date that the payment was made the board has commenced proceedings to recover the payment. For the purposes of subsection (1) of this section, the board shall be considered to have commenced proceedings to recover the payment upon mailing of notice to the person receiving a monthly payment that the board has determined that an overpayment or other improperly made payment has been made.
"(8) The remedies authorized under this section are supplemental to any other remedies that may be available to the board for recovery of amounts incorrectly paid from the fund to members of the system or other persons.
"(9) The board shall adopt rules establishing the procedures to be followed by the board in recovering overpayments and erroneous payments under this section ."
*401 (Emphases added.) Because the parties' contentions turn on their understanding of the statute, we provide a subsection-by-subsection description of the relevant statutory texts:
Subsection (1) describes methods for recovery of overpayments to payees who are receiving monthly payments. The parties agree that, because petitioners were not *344 receiving monthly payments, subsection (1) does not apply here.
Subsection (2) provides that a person who receives an overpayment holds the overpayment in trust subject to the board's recovery. The parties agree that that requirement applies here. Subsection (2) describes three methods by which overpayments may be recovered: (1) recovery as described in ORS 238.715 ; (2) recovery by civil action; and (3) recovery by "other proceeding." When a payee will receive future payments, ORS 238.715(2)(b) and (c) describe recovery through a reduction of those future payments.
Subsection (4) requires that the board provide notice to a payee before reducing a benefit to recover an overpayment or pursuing any other collection action under ORS 238.715.
Subsection (7) requires that PERS commence an action to recover an overpayment within six years of the overpayment. When the payee is receiving monthly benefits, the proceedings are considered to have been commenced when notice of the overpayment has been mailed to the payee. ORS 238.715(7).
Subsection (8) provides that the remedies described in ORS 238.715 are "in addition to any other remedies that may be available to the board" for the collection of overpayments.
Subsection (9) requires the board to adopt rules and procedures for the recovery of overpayments.
The primary disputes in this case concern whether PERS can recover lump-sum overpayments through an administrative proceeding and whether, if an administrative proceeding is permitted, PERS "commenced" its action to recover the overpayments within the six year limitation period stated in ORS 238.715(7) by sending to petitioners the notices of overpayments and appeal rights. It is undisputed that the litigation concerning PERS's January 2006 order tolled the running of the limitation period. It is also undisputed that, if the notices of overpayment mailed to petitioners were legally sufficient to "commence" recovery efforts against a lump-sum payee, then the notices were *345 timely. Petitioners' contention is that, under ORS 238.715(7), the mailing of notice is sufficient to commence an action only with respect to payees who will be receiving future payments, and was not effective to commence recovery as against these petitioners-lump-sum payees who will not be receiving future payments. In petitioners' view, recovery as against lump-sum payees must be through commencement of a civil action in circuit court. In the absence of the initiation of a civil action, petitioners contend, the period of limitation has run on PERS's recovery of overpayments. PERS responds that its administrative proceedings were "other proceedings" under ORS 238.715(2), that it did not need to commence a civil action in circuit court to recover overpayments, and that its notices of overpayment commenced the administrative proceedings.
The focus of petitioners' attention is on ORS 238.715(7) which, as noted, provides:
"A payment made to a person from the fund may not be recovered by the board unless within six years after the date that the payment was made the board has commenced proceedings to recover the payment. For the purposes of subsection (1) of this section, the board shall be considered to have commenced proceedings to recover the payment upon mailing of notice to the person receiving a monthly payment that the board has determined that an overpayment or other improperly made payment has been made."
(Emphasis added.) In petitioners' view, by explicitly stating that, for purposes of subsection (1), notice is sufficient to commence proceedings with respect to monthly payees, the legislature has implicitly expressed the intention that notice of an overpayment is not *402 sufficient to commence recovery with respect to lump-sum payees. That construction is the source of petitioners' contention that, necessarily, proceedings to recover overpayments made to lump-sum payees are "commenced" for purposes of ORS 238.715(7) only through a civil action under the Oregon Rules of Civil Procedure.
In its administrative rule, OAR 459-005-0610, the board has stated that PERS is permitted to seek "recovery of the overpayment *** by using any remedy available to [the Board] under applicable law," OAR 459-005-0610(6)(c), *346 and that PERS initiates recovery of overpayments "on the date it mails the notification required by ORS 238.715(4)." OAR 459-005-0610(11). Petitioner concedes that, under the rule, the notices provided to petitioners were sufficient to commence an administrative proceeding for the collection of the overpayments. But, in view of petitioners' construction of ORS 238.715(4), petitioners contend that the rule exceeds the board's authority, because commencement of recovery through the notice required by ORS 238.715(4) applies only to payees receiving monthly payments.
Petitioners' reading of ORS 238.715 is incorrect. Although ORS 238.715(7) explicitly states that the notice required by ORS 238.715(4) commences recovery as to monthly payees, it does not prohibit PERS from determining that the notice also commences recovery with respect to lump-sum payees. It has done so through its administrative rule. Additionally, petitioners' construction of ORS 238.715(7) is at odds with the rest of the statute, which shows an intention to provide PERS with the full range of legal remedies for the recovery of overpayments, including administrative remedies. Although ORS 238.715(1) and (2) explicitly list recovery methods through a reduction in future benefits when a payee is entitled to future payments, the statute also unambiguously states that those are not the exclusive methods. ORS 238.715(2) provides that recovery could be made by civil action or "other proceeding." The statute does not define "other proceeding," but an administrative proceeding plainly qualifies as an "other proceeding." Subsection (8) states that the remedies described in ORS 238.715 are "in addition to any other remedies that may be available to the board." And under subsection (9), the board is required to adopt rules and procedures for the recovery of overpayments. Each of those provisions expresses an unambiguous intention to allow PERS to pursue the full range of legal remedies, including administrative remedies, in its recovery efforts. Petitioners' view that recovery of overpayments with respect to lump-sum payees is limited to a civil action in circuit court is inconsistent with that unambiguous intention.
Petitioners acknowledge the statute's reference to an "other proceeding," and agree that "other proceeding" can *347 encompass an administrative proceeding. But in petitioners' view, the board's administrative proceedings were not the type of "other proceeding" contemplated by the legislature. Petitioners assert that an "other proceeding" contemplated by the legislature is "some sort of adversarial proceeding"-one that gives an opportunity to testify, to introduce evidence and witnesses, and to cross-examine. Petitioners' counsel conceded at oral argument that, if the board had provided that type of adversarial, contested case proceeding, then PERS's administrative proceedings would have been sufficient, and its notices of overpayment would have been sufficient to commence recovery.[2]
We need not address whether an "other proceeding" under ORS 238.715(7) must be an adversarial proceeding. That is because we conclude that the contested case procedures *403 that the board provided to petitioners were the full adversarial proceedings to which petitioners claim they were entitled. The fact that the proceedings were resolved through summary determination does not alter that conclusion. Petitioners do not contend that summary determination was not legally available or that there were factual disputes that precluded summary determination. And petitioners have not presented any argument that persuades us that the board erred in granting PERS's request for summary determination or in resolving the dispute in PERS's favor.
We further conclude that the notices sent to petitioners by PERS, which notified petitioners of the amounts of the overpayments and their opportunity to seek administrative review, were legally sufficient to timely "commence" administrative proceedings for the collection of the lump-sum *348 overpayments within the meaning of ORS 238.715(7). See OAR 459-005-0610 (PERS "initiates recovery" of overpayments by notification required by ORS 238.715(4) ); OAR 459-001-0030 ; OAR 459-001-0035 (providing for appeal of staff rulings to PERS director and, if aggrieved by that ruling, a contested case hearing). The board did not err in concluding that PERS timely commenced proceedings to collect overpayments made to petitioners and in granting PERS's motion for summary determination.
Affirmed.

In its notice of receipt of petitioners' requests for a contested case hearing, PERS notified petitioners of the procedures that apply in a contested case proceeding, including the right to present evidence and witnesses on all issues properly before the ALJ, the right to be represented by an attorney, and the conduct of the hearing. The notice described the order of the hearing, including the making of opening statements, the calling of witnesses, the presentation of witnesses and other evidence, the petitioners' right to question witnesses and to present rebuttal evidence, and closing oral or written argument.

At oral argument, petitioners' counsel stated:
"If the PERS board adopted an administrative hearing where recipients could come in, testify, offer evidence, understand how the calculation was made with regard to the overpayment before an administrative judge, that to me would be an 'other proceeding' [within the meaning of ORS 238.715(2) ]. That's not what happens here. You get the notice and if you don't like the notice you can appeal and have an administrative review. You don't have a chance to put on evidence. That is the key difference"
In response to the court's questions, counsel explained that, as he understood it, there was no contested case proceeding offered. As we have explained, counsel's understanding was incorrect.