800 May 30, 2024 No. 362

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Fitinia ALAGOZ,
*Petitioner,*

*v.*

DEPARTMENT OF HUMAN SERVICES,
*Respondent.*

Department of Human Services
2020DHS13701
A180021

Argued and submitted April 22, 2024.

James P. Francis argued the cause for petitioner. Also on the briefs were Kevin T. Lafky and Lafky & Lafky.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent. Also on the brief were Ellen F. Rosenblum, Attorney General, and Benjamin Gutman, Solicitor General.

Before Tookey, Presiding Judge, Egan, Judge, and Kamins, Judge.

KAMINS, J.

Affirmed.

**KAMINS, J.**

In this petition for judicial review of a Department of Human Services (DHS) order, petitioner challenges the revocation of her adult foster home (AFH) licenses, after an administrative law judge (ALJ) for the Office of Administrative Hearings issued an order granting DHS's motion for summary determination, which DHS adopted as its final order. Reviewing for legal error, ORS 183.482(8)(a); *King v. Dept. of Public Safety Standards*, 289 Or App 314, 315, 412 P3d 1183 (2017), *rev den*, 363 Or 104 (2018), we affirm.

DHS is charged with the licensing of adult foster care facilities. Under ORS 443.745(1), DHS may deny, suspend, revoke, or attach conditions to a license for any of the following:

"(a)   There exists a threat to the health, safety or welfare of any resident.

"(b)   There is reliable evidence of abuse, neglect or exploitation of any resident.

"(c)   The facility is not operated in compliance with ORS 443.705 to 443.825 or the rules adopted thereunder.

"(d)   Such other circumstances as may be established by the licensing agency by rule."

On judicial review, petitioner first argues that the matter was not subject to summary determination, because DHS's sanction of revocation was a "discretionary" sanction. *See Hamlin v. PERB*, 273 Or App 796, 798 n 2, 359 P3d 581 (2015) (holding that summary determination is appropriate only for "purely legal" determinations); *King*, 289 Or App at 321-22 (holding that a discretionary sanction is not a proper subject for summary determination).

We reject petitioner's contention that DHS's revocation was "discretionary." The rules implementing ORS 443.745 require criminal background checks for providers of adult foster care services and their employees. Under OAR 411-049-0120(1), "[a]ll subject individuals * * * must have an approved background check * * * prior to operating, working in, training in, or living in an AFH." And, "where the

Department finds \* \* \* [that the] Department has conducted a background check and determined the applicant or licensee is not approved in accordance with OAR 411-049-0120," DHS "*shall* deny, revoke, or refuse to renew" the provider's AFH license. OAR 411-052-0035(1)(b) (emphasis added). The foregoing rules required revocation of petitioner's licenses because DHS denied approval of petitioner's background check. Although petitioner contends that the *statute* affords DHS discretion to choose between denying, revoking, suspending, or attaching conditions to her licenses, OAR 411-052-0035(1)(b) specifically mandates denial, revocation, or refusal to renew a license if the provider fails to have an approved background check—in other words, the *rule* dictates that a provider cannot be licensed if the provider fails to have an approved background check.

Second, and relatedly, petitioner contends that summary determination was not appropriate, because issues of material fact remained. Specifically, she alleges that a factual issue exists regarding whether DHS should deny, revoke, suspend, or attach conditions to petitioner's licenses. However, petitioner merely identifies the text of the administrative rule, which states only that a provider cannot be licensed if she fails to have an approved background check. That matter is not a factual issue at all, let alone a material factual issue that would preclude summary determination. Finally, petitioner takes issue with the length of time between the first substantiated abuse finding and the decision to revoke her licenses, but she does not explain how that constituted an issue of material fact or otherwise develop that argument.

Next, petitioner argues that DHS exceeded its statutory authority in adopting OAR 411-052-0035(1)(b), because, in her view, ORS 443.745(1) grants DHS discretion in determining a sanction whereas the administrative rule requires DHS to revoke or deny licensure. Petitioner is correct that ORS 443.745(1) affords DHS the discretion to determine the sanctions to impose on violations, and grants DHS broad authority to determine sanctionable circumstances. But nothing in the text of ORS 443.745(1), or any other applicable statute, precludes DHS from determining, in its discretion and through rulemaking, which sanction to impose

in the context of a provider's failure to obtain an approved background check. Moreover, even if, as petitioner contends, the practical effect of OAR 411-052-0035(1)(b) is to limit the sanctions DHS can impose, agencies can circumscribe their discretionary authority by rule. *See Peek v. Thompson*, 160 Or App 260, 264, 980 P2d 178 (1999) ("An agency which is vested with discretion by statute may limit its own discretion in its regulations." (Internal quotation marks omitted.)); *Marolla v. DPSST*, 245 Or App 226, 232, 263 P3d 1034 (2011) (rejecting the petitioner's argument that an administrative rule exceeded an agency's statutory authority where the rule "chooses among options afforded by the statute"). Accordingly, it cannot be said that the rule at issue exceeded DHS's statutory authority, that is, that it "'depart[s] from a legal standard expressed or implied in the particular law being administered, or contravene[s] some other applicable statute.'" *Nay v. Dept. of Human Services*, 360 Or 668, 680, 385 P3d 1001 (2016) (quoting *Planned Parenthood Assn. v. Dept. of Human Res.*, 297 Or 562, 565, 687 P2d 785 (1984)).

Petitioner also argues that ORS 443.745(1) contains exact and inexact terms, and she argues that DHS's interpretation of ORS 443.745 is "clearly erroneous" in light of the fact that we do not afford deference to inexact phrases. *See Blachana, LLC v. Bureau of Labor and Industries*, 354 Or 676, 687, 318 P3d 735 (2014) (When a statute contains an inexact term, "the agency's interpretation of the statute is not entitled to deference on review."). However, as explained above, DHS's construction of ORS 443.745(1) is not erroneous under any standard of deference. Therefore, we disagree with petitioner that DHS exceeded its authority in adopting OAR 411-052-0035(1)(b).

Finally, petitioner contends that the ALJ's summary determination violated her due process rights, because she was denied a meaningful opportunity to be heard. However, that argument is not preserved for review, because petitioner did not raise it below, so we decline to address it. *See Watts v. Board of Nursing*, 282 Or App 705, 709, 386 P3d 34 (2016) (We "will not review arguments presented for the first time on judicial review.").

Affirmed.