168 May 28, 2026 No. 472

***This is a nonprecedential memorandum opinion
pursuant to ORAP 10.30 and may not be cited
except as provided in ORAP 10.30(1).***

IN THE COURT OF APPEALS OF THE
STATE OF OREGON

Vikrant NIGAM,
*Petitioner,*

*v.*

OREGON HEALTH & SCIENCE UNIVERSITY
and Higher Education Coordinating Commission,
*Respondents.*
Agency/Board/Other
2024ABC06456;
A186688

Argued and submitted April 22, 2026.

Vikrant Nigam argued the cause and filed the briefs *pro se*.

Patricia G. Rincon, Assistant Attorney General, argued the cause for respondent Higher Education Coordinating Commission. Also on the brief were Dan Rayfield, Attorney General, and Benjamin Gutman, Interim Deputy Attorney General.

Zachariah H. Allen and Hart Wagner, LLP, filed the brief for respondent Oregon Health & Science University.

Before Aoyagi, Presiding Judge, Egan, Judge, and Pagán, Judge.

PER CURIAM

Affirmed.

**PER CURIAM**

In this action under the Oregon Administrative Procedures Act, petitioner seeks judicial review of the final order of the Higher Education Coordinating Commission (HECC). Petitioner raises nine assignments of error. The substance of petitioner's arguments is a challenge to HECC's decision to affirm the dismissal of his complaint. Because this case was resolved on HECC's motion for summary determination, the issue presented here is whether that was properly granted. We affirm the final order.

Summary determination is appropriate "only where the application of law to the facts requires a single, particular result." *King v. Dept. of Public Safety Standards*, 289 Or App 314, 321, 412 P3d 1183 (2017), *rev den*, 363 Or 104 (2018). On judicial review, an order granting a motion for summary determination will be affirmed "if there is no genuine issue of material fact" and the movant was "entitled to a favorable ruling as a matter of law." *Metje/Parks v. PERS*, 291 Or App 338, 341, 421 P3d 338 (2018).

In his briefing, petitioner asserts various ways in which HECC or Oregon Health Sciences University (OHSU) were wrong in handling his complaints, and he asserts that his exceptions to the Administrative Law Judge's (ALJ's) proposed order were not properly considered by HECC. But petitioner does not precisely identify the specific legal or factual rulings being challenged. ORAP 5.45(3) (requiring that "[e]ach assignment of error must identify precisely the legal, procedural, factual, or other ruling that is being challenged"); *Village at North Pointe Condo. Assn. v. Bloedel Constr.*, 278 Or App 354, 359-60, 374 P3d 978, *adh'd to as modified on recons*, 281 Or App 322, 383 P3d 409 (2016) (compliance with ORAP 5.45 is crucial to the court's "ability to review *** rulings for error and to determine whether the appellant's claims of error were preserved below," such that "failure to comply with ORAP 5.45 generally renders the claim of error unreviewable on appeal"). To the extent that he has assigned error to HECC's determinations or conclusions, petitioner does not develop clear legal arguments corresponding to each assignment of error or otherwise explain how it is that such errors require reversal of

HECC's dismissal of his complaint, particularly in light of the summary determination standard.

Having considered the briefing and the pertinent parts of the record identified by the parties, we are unpersuaded that HECC committed reversible error.

Ultimately, it is a petitioner's duty to identify the specific rulings challenged on judicial review, show us that the claims of error were adequately preserved in the proceedings below, and provide a cogent argument that conforms to the applicable standard of review and is supported by legal authority and citations to the record on review. Although we recognize the challenges inherent in representing oneself *pro se* in an appellate court and may disregard technical deficiencies up to a point, we cannot step out of our role as neutral arbiter to "make or develop a party's argument." *Beall Transport Equipment Co. v. Southern Pacific*, 186 Or App 696, 700 n 2, 64 P3d 1193, *adh'd to as clarified on recons*, 187 Or App 472, 68 P3d 259 (2003); *see also Briggs v. Lamvik*, 242 Or App 132, 142 n 9, 255 P3d 518 (2011) (stating similar).

With that limitation in mind, we have considered each of petitioner's arguments, and we are unpersuaded that HECC erred in the ways claimed. The final order is affirmed.

Affirmed.